UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TYCO INTERNATIONAL, LTD., ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 11-68 |
| | * | |
| SCAFFOLDING RENTAL AND ERECTION SERVICES, LLC., ET AL. | * | SECTION "L"(5) |
| | * | |

## ORDER & REASONS

The Court has pending before it two motions to exclude expert testimony filed by Defendants Scaffolding Rental and Erection Services, LLC and Ace American Insurance Company. (Rec. Docs. 28, 29). The court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.     Background**

This case arises out of injuries to Anthony Heims in connection with a fall from some scaffolding. On or about April 9, 2008, Heims was employed by Plaintiff Tyco International, Ltd. ("Tyco"). Heims contends that during the course of his work, he was descending a scaffolding ladder assembled by Defendant Scaffolding Rental and Erection Services, LLC ("SRES") when the ladder came apart causing him to fall and sustain injuries. Tyco and its workers' compensation insurer, Plaintiff American Home Assurance Company ("American") filed a petition for subrogation in the Twenty-Third Judicial District Court against SERS and its insurer, Ace American Insurance Company ("Ace"), asserting their rights as subrogees to recover funds paid to Heims as workers' compensation. Tyco and American later amended their petition to add Heims as a Defendant to pursue any amounts Heims might recover through judgment or settlement from SERS or Ace. Heims then filed a cross-claim against SERS and

Ace, alleging that SERS negligently erected, maintained, or inspected the scaffolding which caused his accident. SERS and Ace removed the case to this Court.

## II.     Present Motions

Defendants SERS and Ace now move to exclude two expert witnesses from trial in this matter.[1] Defendants move to exclude any testimony by Heims's proffered engineering expert, Gerald Hietpas, P.E., and his economic expert, Kenneth McCoin, Ph.D, C.F.A. Hietpas has prepared a report summarizing his understanding of the facts surrounding the accident based on photographs and testimony, and offering a number of opinions regarding the safety of the scaffolding and the reasonableness of SERS's actions in erecting and inspecting the apparatus. McCoin has prepared a report explaining his methodology for calculating Heims's economic loss attributable to the accident based on his earnings at the time of the accident, his reasonable expected worklife, and other specified assumptions.

Defendants argue that both experts should be precluded from testifying because in formulating their opinions they have either failed to consider enough facts or have considered facts that Defendants contend to be unsupported or contradicted by the record. Heims opposes both motions, responding that any challenges to the factual bases of Hietpas's or McCoin's opinions should be dealt with on cross-examination and goes to the weight of their testimony, not its admissibility.

## II.     Law & Analysis

---

[1] Defendants' motions were not timely filed in compliance with the Court's scheduling order. Curiously, Defendants did not include either expert's report as an exhibit, or indeed any other materials referred to in their motions. Heims has entered the reports and some other pertinent exhibits into the record.

"Trial courts have wide discretion in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) (quotation omitted). Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 codifies the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Under Rule 702 and *Daubert*, the Court must act as a gatekeeper to ensure that expert opinion testimony is "both reliable and relevant." *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* (quotation omitted). With respect to reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

The proponent of expert testimony bears the burden of proof to show the testimony is reliable, relevant, and admissible. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id*. Nonetheless, the Court's role as a gatekeeper does not replace the traditional adversary system and the place of the finder of fact

within that system. *Daubert*, 509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)). As a general rule, questions relating to the bases and sources of an expert's opinion go to the weight of that evidence, rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

Defendants cite deficiencies in the factual underpinnings of the opinions of both Hietpas and McCoin or their ultimate conclusions, but do not challenge their qualifications. With respect to Hietpas, Defendants quibble with his reliance on purportedly incomplete photographs or contradicted testimony. For example, Hietpas estimates that certain components of the scaffolding were approximately nine inches long, while Defendants' own witness will apparently testify that the component was closer to six inches long. Hietpas opines that Heims's account of how he dangled from the swinging scaffolding ladder is consistent with the available evidence, while Defendants argue that Heims's account "is not possible." Any weaknesses in the factual premises underlying his opinions or the conclusions Hietpas has drawn are fair game for vigorous adversarial cross-examination, but under these circumstances they are not grounds to exclude the testimony pursuant to Rule 702. *See Primrose*, 382 F.3d at 562.

Defendants take the same approach to McCoin's report and testimony. They contend that he calculates Heims's economic losses "based entirely on possibility, speculation and surmise." (Rec. Doc. 28-1 at 2). Defendants criticize McCoin for failing to consider Heims's past earnings or employment history in favor of calculating wage losses based on the rate he was earning at the

time of the accident, and that his numerical conclusion therefore has no probative value. But Defendants do not challenge his methodology for calculating past and future wage losses, nor his qualification to do so. Vigorous cross-examination is appropriate regarding Heims's past employment or future prospects and how those facts, if established, change McCoin's opinions. But Defendants' objections are not grounds for excluding the testimony entirely. *See Seymore v. Penn Maritime, Inc.*, 281 F. App'x 300, 301 (5th Cir. 2008) (affirming admission of McCoin's expert testimony where opposing party "encouraged the jury to account for the actual facts in the case, and ... had adequate opportunity to cross-examine him about his assumptions.").

### III. Conclusion

For the foregoing reasons, Defendants' motions to exclude (Rec. Docs. 28, 29) are DENIED.

New Orleans, Louisiana, this 17th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE